# ELLIOTT v. CLEMENTS.

1. In a summary proceeding under the act of 1821, at the suit of a surety against his principal, to recover back money paid on a judgment, the record must show in which court the judgment against the surety was rendered.

WRIT of error to the County Court of Tuskaloosa.

The judgment sought to be reversed, is as follows :

Elliott v. Clements.

" Alsey Clements

vs. } July 26th, 1841.

William S. Elliott.

This day came the plaintiff, Alsey Clements, by his attorneys, and it appearing to the satisfaction of the court that the defendant had received legal notice, and it also appearing to the satisfaction of the court, that the plaintiff had paid as · security for the defendant the sum of three hundred and six dollars and 52-100, for which a judgment was rendered against the defendant (principal) and the plaintiff, (security ;) and it further appearing to the satisfaction of the court, that the interest which has accrued upon the aforesaid sum since the payment thereof by the plaintiff, is the sum of thirty-four dollars and sixty-three cents. It is therefore considered by the court that the plaintiff recover of the defendant the sum of three hundred and forty-one dollars and fifteen cents, and his costs by him about his motion in this behalf expended, &c."

Wm. Cochran, for the plaintiff in error. The record does not shew how and for what length of time before the motion was made, the notice was given ; how the defendant in error became a security, and when, and in what court the judgment was rendered, which it is said he paid : nor does it appear in whose favor the judgment was rendered, and when paid. [Aik. Dig. 384, sec. 3 ; Brown v. Wheeler, 3 Ala. Rep. N. S. 287.] If it were allowable to aid the judgment by a reference to the notice sent up with the transcript, it would then be contended that the notice itself was defective.

Peck, for the defendant in error. The judgment should not be tested by such rigid rules as the plaintiff in error contends for ; but as the proceeding was in favor of a surety to reimburse himself money advanced for his principal, it should be liberally expounded. But if the judgment is defective, it may be assisted by the notice, which is believed to be sufficient for all legal purposes.

COLLIER, C. J.—This proceeding is doubtless intended to conform to the act of 1821, " supplementary to an act entitled an act for the relief of securities." [Aik. Dig. 384.] Without reciting that statute at length, it is enough for the present case to say,

that it authorizes sureties who have paid money for their princi-
pals on judgment or execution, to move the court in which the
judgment was rendered, for a judgment for the amount paid, with
interest thereon.

It is unnecessary to consider all the exceptions which have
been taken by the plaintiff in error to the judgment entry.    It is
clear that its defects are such as will not allow us to sustain it.
Brown, et al. v. Wheeler, [3 Ala. Rep. N. S. 287,] was a pro-
ceeding under the statute referred to, and among other causes it
was adjudged to be erroneous, because the time when the surety
paid the judgment was not stated, so as to show whether the in-
terest was properly computed.

But in the case at bar there is a more palpable defect in the
judgment; it does not recite, that the judgment which was satis-
fied by the surety was rendered by the court in which this pro-
ceeding was instituted.    This, it was intimated, was essential in
Brown, et al. v. Wheeler.    And, as in a case of this character,
nothing can be intended beyond what is shown by the record,
we think the defect is a fatal error.

If it appeared, that the notice found in the transcript was re-
ceived and acted on by the county court, we might perhaps refer
to it, to aid the judgment.    [Jordan, ex'r, et al. v. The Branch
Bank at Huntsville, at January, 1843.]    But the judgment entry
does not show that the notice was before the court, and the case
must be decided without regarding it as a part of the record.

Without inquiring whether there are other errors than those no-
ticed, the judgment is reversed, and the cause remanded.    .

CLAY, J. not sitting.